# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **STEPHEN KENT BLOOM,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION** |
| | ) | |
| v. | ) | No. 01-3450-KHV |
| | ) | |
| **K. RUHNKE, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ORDER

Stephen Kent Bloom brings suit under 42 U.S.C. § 1983 for violation of constitutional rights.[1] This matter comes before the Court on the Order, With Report And Recommendation (Doc. #131) which Magistrate Judge James P. O'Hara entered November 21, 2005; defendants' Response To Order (Doc. #134) filed December 1, 2005; the document titled "Plaintiff Objects And Withdraws Agreement Made Under False Prentence [sic] By Court" (Doc. #135) filed December 1, 2005, which the Court construes as an objection to the magistrate judge's order and recommendation; the document titled "Motion Leave

---

[1] On November 20, 2001, plaintiff filed his initial complaint (Doc. #1) against (fnu) Ruhncke, the Kansas Department of Corrections ("KDOC") and the State of Kansas. In the body of the complaint, plaintiff asserted claims against Charles E. Simmons, Secretary of the KDOC, and Carla Stovall, Attorney General for the State of Kansas. Under 42 U.S.C. § 1983, plaintiff alleged that by refusing his request to spend $4.00 to obtain copies of legal authority from the University of Kansas ("KU") law library, defendants deprived him of his constitutional rights to freedom of speech and free access to the courts. On January 3, 2002, the Court *sua sponte* dismissed plaintiff's claims for failure to state a claim. See Doc. #4. Plaintiff appealed and on July 10, 2002, the Tenth Circuit reversed with respect to plaintiff's free speech claim. See Doc. #14 filed August 5, 2002.

Withdraw Docs. #74-79 Without Prejudice" (Doc. #139), which the Court construes as a motion by plaintiff to withdraw the amended complaint; defendants' Motion For Involuntary Dismissal (Doc. #142) filed December 21, 2005; plaintiff's Motion For Emergency Protection (Doc. #145) filed December 27, 2005; and plaintiff's Motion [For] Leave To Amend (Doc. #146) filed December 29, 2005.

### I.     Plaintiff's Objection (Doc. #135) To Report And Recommendation

On November 17, 2005, Magistrate Judge James P. O'Hara held a status conference and reported that the parties agreed that plaintiff's amended complaint (Docs. #74 and #75) filed September 9, 2005 should be deemed stricken.[2]  See Order, With Report And Recommendation (Doc. #131) at 3.  Specifically, Judge O'Hara reported that the parties had orally agreed that plaintiff would voluntarily dismiss without prejudice the new parties named in the amended complaint with the understanding that any applicable statute of limitations would be tolled from September 9, 2005 (the date on which plaintiff filed the amended complaint) to December 5, 2005 (the date by which plaintiff intended to file a separate suit with respect to those claims).  See id.  Judge O'Hara recommended that the Court enter an order that "(1) strikes plaintiff's amended complaint of September 9, 2005 (docs. 74-99); (2) dismisses, without prejudice, and subject to the parties' statue of limitations tolling agreement, all of plaintiff's claims in this case as against David R. McKune, Duane

---

[2]     On August 26, 2005, the Court granted plaintiff until September 15, 2005, to file an amended complaint which included "(1) any claims against Kline and Werholtz in their official capacities; (2) any claims against Ruhnke; and (3) an accurate statement of plaintiff's case."  See Doc. #65 at 3.  On September 9, 2005, plaintiff filed an amended complaint which did not comply with the Court's order.  The amended complaint listed 21 counts against ten new defendants: David R. McKune, Warden of Lansing Correctional Facility ("LCF"); Duane Muckenthaller; D. Ferris, business manager at LCF; (fnu) Wagner; (fnu) Tillman; (fnu) Ogletree; (fnu) Thomas; unknown name, LCF accounting department staff; unknown name, LCF mailroom staff; and unknown name, LCF legal staff.  See Docs. #74 and #75.  In addition, plaintiff filed four appendices labeled "supporting amendment" which totaled 182 pages.  See Docs. #76, #77, #78 and #79.

2

Muckenthaller; D. Ferris, f/n/u Wagner; f/n/u Tillman; f/n/u Ogletree; f/n/u Thomas; and the other three defendants whose names are yet unknown by plaintiff; and (3) denies, as moot, the motion to dismiss filed by Kline and Werholtz (doc. 86)." Order, With Report And Recommendation (Doc. #131) at 4. In addition, Judge O'Hara ordered that on or before December 5, 2005, plaintiff file an amended complaint which strictly complied with the Court's order of August 26, 2005. See id. at 4-5.

Under Rule 72, Fed. R. Civ. P., within 10 days after being served with a magistrate's order and/or recommendation, a party may file objections thereto. As to nondispositive matters, the district judge "shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Rule 72(a), Fed. R. Civ. P. As to dispositive matters, the district judge "shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with [Rule 72(b)]." Rule 72(b), Fed. R. Civ. P.

On December 1, 2005, plaintiff filed a document titled "Plaintiff Objects And Withdraws Agreement Made Under False Prentence [sic] By Court" (Doc. #135), which the Court construes as an objection to the magistrate judge's Order, With Report And Recommendation (Doc. #131). In the document, plaintiff stated that the Court had made false claims regarding his case and that he agreed to voluntarily dismiss the amended complaint based on the Court's oral representation that the new defendants had not yet been served, which was false. See Doc. #135 at 2-3. Plaintiff further stated that he did not voluntarily withdraw any part of the amended complaint filed September 9, 2005. See id. at 3. On December 7, 2005, however, plaintiff filed a document titled "Motion Leave Withdraw Docs. #74-79 Without Prejudice" (Doc. #139), which the Court construes as a motion to withdraw the amended complaint. In that document, plaintiff stated that he voluntarily

3

withdrew Docs. #74-79 without prejudice. See Doc. #139 at 1. Plaintiff further stated that "this is formalization of [plaintiff's] position before this court" and that "this 'mtn.' is sustained by ct.'s 'order', 11-21-05, Doc. #131." In light of this filing, the Court finds that plaintiff's objection to the magistrate's order and recommendation is moot. Plaintiff's amended complaint (Docs. #74 and #75) and supplements thereto (Docs. #76, #77, #78 and #79), all filed September 9, 2005, are deemed withdrawn, and defendants' Motion To Dismiss (Doc. #86) is overruled as moot.

## II.  Plaintiff's Motion For Leave To File Amended Complaint (Doc. #146)

On December 29, 2005, plaintiff filed a motion for leave to file an amended complaint (Doc. #146). Plaintiff does not explain why he did not file an amended complaint by December 5, 2005, as Magistrate Judge O'Hara directed him to do.[3] See Order, With Report And Recommendation (Doc. #131) at 4-5. As discussed below, the Court will not tolerate future noncompliance with Court orders and deadlines. Nevertheless, under the circumstances, the Court will allow plaintiff leave to file the proposed amended complaint, subject to restrictions set forth below.

The proposed amended complaint appears to assert claims under Section 1983 for deprivation of plaintiff's right to information and retaliation in violation of the First Amendment of the United States

---

[3]  On December 7, 2005, plaintiff filed a document titled "Amended Complaint Pursuant To 'Order', 11-21-05, Doc. #131" (Doc. #138). Although plaintiff called the document an "amended complaint," it contained no allegations which resemble a complaint. In the document, plaintiff stated that "there is no amended complaint which could possibly strictly comply with Judge Vratil's Aug. 26-05 order. Doc. #1, Nov. 20-2001 complies; it is before court." See Doc. #138 at 1. Plaintiff further stated that he "will re-write pursuant to: D. Kan. Rule 15.1 & Fed. R. Civ. P. 15." Id. at 2. Although plaintiff did not identify what he intended to re-write, the Court infers that plaintiff was referring to an amended complaint.

4

Constitution.[4]  Such claims are within the scope of claims which the Court has specifically allowed in the case. To date, the Court has allowed plaintiff to submit the claim for violation of free speech contained in his original complaint as supplemented by the exhibits (Doc. #17) and declaration which he filed in support of his motion for summary judgment (Doc. #16) on October 3, 2002.  See Order (Doc. #22) filed November 21, 2003 at 3 (overruling motion for summary judgment but finding that Court would liberally construe exhibits as supplements to plaintiff's complaint) and Order (#47) filed April 12, 2005 at 6 (Court will construe declaration as supplement to complaint).  The factual bases for plaintiff's retaliation claims are contained in the declaration and exhibits which plaintiff filed in support of his summary judgment motion.  Accordingly, the Court finds that the proposed amended complaint contains an accurate statement of plaintiff's claims.

In the proposed amended complaint, however, plaintiff attempts to name new defendants.  Previously, the Court found that plaintiff could assert claims against Phill Kline in his official capacity as Attorney General of Kansas, Roger Werholtz in his official capacity as Secretary of the Kansas Department of Corrections and K. Ruhnke.  See Order (Doc. #65) filed August 26, 2005 at 3.  The proposed amended complaint names as defendants K. Ruhnke, unknown accounting/mail staff at Lansing Correctional Facility ("LCF"), unknown accounting/mail staff at El Dorado Correctional Facility ("EDCF") and D. Ferris, all in their individual and official capacities.  To support the proposed amended complaint, plaintiff submits the same documentation which he submitted in support of the motion for summary judgment (Doc. #16) which he filed on October 3, 2002.  Plaintiff provides no explanation why he waited more than three years before attempting to include the

---

[4]  The amended complaint vaguely refers to wrongful punishment.  See Amended Complaint (Doc. #146-2) at 17, 28, 30.  The Court construes these references as part of the retaliation claim and not a separate claim for cruel and unusual punishment under the Eighth Amendment.

additional defendants in this lawsuit. This case has been pending for more than five years. Discovery is set to close – and will close – March 3, 2006. In light of plaintiff's undue delay, the interests of justice do not require the Court to grant leave to add additional parties at this late date. See, e.g., Nichols v. Zurick Am. Ins. Group, 244 F. Supp.2d 1144, 1153 (D. Colo. 2003). Accordingly, the Court will allow plaintiff leave to file the amended complaint, but only as to defendant Ruhnke. Plaintiff has apparently abandoned any claims against Kline and Werholtz in their official capacities.

### III.    Defendants' Response (Doc. #134) To Report And Recommendation

Judge O'Hara found that because K. Ruhnke had voluntarily entered an appearance by filing a summary judgment response on October 9, 2002, plaintiff can serve an amended complaint upon Ruhnke by filing the pleading with the Court and having the electronic case filing system automatically serve her attorney of record. See id. at 2-3 n.3, 5. Defendants object, stating that "[a]ny representation of K. Ruhnke by the Attorney General's Office for the purposes of this case terminated when K. Ruhnke was dismissed from the case by the Court." Response To Order (Doc. #134) at 1. The Court disagrees. On October 19, 2002, the Attorney General's Office entered an appearance on behalf of Ruhnke when it filed a response (Doc. #18) to plaintiff's summary judgment motion. Counsel has not sought permission to withdraw its appearance on behalf of Ruhnke and is still counsel of record for Ruhnke. See D. Kan. Rule 83.5.5. The Court agrees that service upon Ruhnke may be made by electronically serving her attorney.

### IV.    Defendants' Motion For Involuntary Dismissal (Doc. #142)

Defendants ask the Court to dismiss plaintiff's claims as a sanction for his failure to comply with Court

6

orders.[5] Plaintiff disobeyed the Court's order of August 26, 2005, which directed plaintiff to file an amended complaint which included "any claims against Kline and Werholtz in their official capacities; (2) any claims against Ruhnke; and (3) an accurate statement of plaintiff's case," see Doc. #65 at 3, when he filed an amended complaint which listed 21 counts against ten new defendants. See Docs. #74 and #75. This noncompliance resulted in a waste of judicial resources as well as a delay in the case schedule. In addition, plaintiff did not file an amended complaint by December 5, 2005, as directed by Magistrate Judge O'Hara, which resulted in further delay.

In deciding whether to impose sanctions, the Court considers on a case-by-case basis whether a party's failure was substantially justified or whether other circumstances make the imposition of sanctions inappropriate. Dismissal of an action with prejudice or its equivalent should be used as "a weapon of last, rather than first, resort." Meade v. Grubbs, 841 F.2d 1512, 1520 n.6 (10th Cir. 1988). Dismissal is usually appropriate only where a lesser sanction would not serve the interest of justice; it is clearly a severe sanction and it is reserved for extreme circumstances. Courts should dismiss an action for failure to comply with orders only in situations which are the result of willfulness, bad faith or fault, rather than inability to comply. See M.E.N. Co. v. Control Fluidics, Inc., 834 F.2d 869, 872 (10th Cir. 1987) (quoting Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 640 (1976)); see also Toma v. City of Weatherford, 846 F.2d 58, 60 (10th Cir. 1988).

Before dismissing an action with prejudice, the Court considers the following factors:

---

[5] Defendants also ask the Court to dismiss the amended complaint (Doc. #138) filed December 7, 2005. This request is moot in light of the Court's ruling which allows plaintiff leave to file a superceding amended complaint.

> (1) the degree of actual prejudice to the defendant;
> (2) the amount of interference with the judicial process;
> (3) the culpability of the litigant;
> (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and
> (5) the efficacy of lesser sanctions.

Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992) (internal citations omitted).

As to the first factor, defendants have incurred delay and inconvenience as a result of plaintiff's noncompliance with Court orders. The Court finds, however, such delay and inconvenience does not constitute actual prejudice to defendants.

As to the second factor, delay strategies significantly interfere with the judicial process. See id. In this case, plaintiff's failure to comply with Court orders have resulted in a three-month delay with regard to the trial setting. Compare Scheduling Order (Doc. #66) filed August 29, 2005 at 7 (scheduling trial for June 6, 2006) with Order, With Report And Recommendation (Doc. #131) at 7 (rescheduling trial for September 12, 2006).

As to the third factor, plaintiff has not explained the reason for his noncompliance.

As to the fourth factor, the Court has not previously warned plaintiff that dismissal would be a likely sanction for noncompliance. In cases in which plaintiff appears *pro se*, the Court should assess with special care whether it might appropriately impose sanctions other than dismissal, so that plaintiff does not unknowingly lose his right of access to the courts because of a technical violation. See Ehrenhaus, 965 F.2d at 920 n.3.

As to the fifth factor, the Court has not previously imposed lesser sanctions.

In the circumstances of this case, the Court finds that dismissal is not an appropriate sanction at this time. Plaintiff proceeds *pro se* and although he is surely aware that dismissal is a likely sanction for noncompliance, the Court has not expressly so warned him in this case. The Court now warns plaintiff that it

8

will carefully scrutinize all future submissions and that it will not tolerate future missed deadlines or noncompliance with Court orders. Any future breach of plaintiff's duties to the Court or opposing counsel may result in sanctions including but not limited to (1) an order which requires plaintiff to pay reasonable attorneys' fees which defendants incur as a result of his actions; (2) an order which establishes certain matters and/or facts for purposes of the action; (3) an order which disallows plaintiff to support or oppose designated claims or defenses, or prohibits plaintiff from introducing designated witnesses or matters into evidence; (4) an order which strikes pleadings or parts thereof, stays future proceedings, dismisses the action with prejudice or enters judgment in favor of defendants; and (5) an order which holds plaintiff in contempt of court.

## V.     Plaintiff's Motion For Emergency Protection (Doc. #145)

In a one-page motion, plaintiff asks the Court to order "that every staff at D.O.C. cease denying S.K. Bloom expend own moneys to access the courts" and that "S.K. Bloom [be] allowed to purchase 'copy tickets' at max. rate like others." See Doc. #145 filed December 27, 2005. Plaintiff provides no facts or legal authority which demonstrate that his demands are within the scope of his claims in this lawsuit, or that he is entitled to emergency relief. Accordingly, the Court denies his motion.

**IT IS THEREFORE ORDERED** that the Court adopts the magistrate judge's Order, With Report And Recommendation (Doc. #131) filed November 21, 2005, as modified herein.

**IT IS FURTHER ORDERED** that the document titled "Plaintiff Objects And Withdraws Agreement Made Under False Prentence [sic] By Court" (Doc. #135) filed December 1, 2005, which the Court construes as an objection to the magistrate judge's order and recommendation, be and hereby is **OVERRULED as moot.**

**IT IS FURTHER ORDERED** that the document titled "Motion Leave Withdraw Docs. #74-79

9

Without Prejudice" (Doc. #139), which the Court construes as a motion to withdraw the amended complaint, be and hereby is **SUSTAINED.** Plaintiff's amended complaint (Docs. #74 and #75) and supplements thereto (Docs. #76, #77, #78 and #79), all filed September 9, 2005, are hereby deemed withdrawn without prejudice.

**IT IS FURTHER ORDERED** that defendants' Motion To Dismiss (Doc. #86) filed September 23, 2005 be and hereby is **OVERRULED as moot.**

**IT IS FURTHER ORDERED** that plaintiff's claims against David R. McKune, Duane Muckenthaller; D. Ferris; f/n/u Wagner; f/n/u Tillman; f/n/u Ogletree; and f/n/u Thomas; and the other three defendants whose names are yet unknown by plaintiff be and hereby are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff's Motion [For] Leave To Amend (Doc. #146) filed December 29, 2005 be and hereby is **SUSTAINED in part.** The Clerk is directed to file the proposed amended complaint as to defendant K. Ruhnke and serve it electronically on counsel of record. K. Ruhnke, in her individual and official capacities, is the sole remaining defendant in the case.

**IT IS FURTHER ORDERED** that defendants' Response To Order (Doc. #134) filed December 1, 2005 be and hereby is **OVERRULED.**

**IT IS FURTHER ORDERED** that defendants' Motion For Involuntary Dismissal (Doc. #142) filed December 21, 2005 be and hereby is **OVERRULED.**

**IT IS FURTHER ORDERED** that plaintiff's Motion For Emergency Protection (Doc. #145) filed December 27, 2005 be and hereby is **OVERRULED.**

Dated this 2nd day of February, 2006 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge
